IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: § | | |
| § | | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., § | | Case No. 19-34054 |
| § | | |
| Debtor. § | | Chapter 11 |

| | | |
|---|---|---|
| § | | |
| THE CHARITABLE DAF FUND, L.P., § | | |
| CLO HOLDCO, LTD., MARK PATRICK, § | | |
| SBAITI & COMPANY PLLC, MAZIN A. § | | |
| SBAITI, AND JONATHAN BRIDGES, § | | |
| § | | |
| Appellants, § | | |
| § | | Civil Action No. 3:21-cv-01974-X |
| v. § | | |
| § | | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., § | | |
| § | | |
| Appellee. § | | |

| | | |
|---|---|---|
| JAMES DONDERO, § | | |
| § | | |
| Appellant, § | | |
| § | | |
| v. § | | |
| § | | Civil Action No. 3:21-cv-01979-S |
| HIGHLAND CAPITAL MANAGEMENT, L.P., § | | |
| § | | |
| Appellee. § | | |

**APPELLANTS' UNOPPOSED JOINT MOTION TO (I) CONSOLIDATE
BANKRUPTCY APPEALS; (II) CONFORM BRIEFING SCHEDULES; AND
<u>(III) EXTEND TIME FOR APPELLANTS TO FILE THEIR OPENING BRIEFS</u>**

Appellants James D. Dondero ("<u>Mr. Dondero</u>"), The Charitable DAF Fund, L.P., CLO

Holdco, Ltd., Mark Patrick, Sbaiti & Company, PLLC, Mazin A. Sbaiti, and Jonathan Bridges

(collectively, the "Appellants"), the appellants in the above-captioned bankruptcy appeals (the "Appeals"), pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure (the "Federal Rules") and Rule 8003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby file this unopposed motion (the "Motion")[1] requesting that this Court (i) consolidate two related bankruptcy appeals, docketed as 3:21-cv-01979-S (the "Dondero Appeal") and No. 3:21-cv-01974-X (the "DAF Appeal") under No. 3:21-cv-01974-X, the first-docketed of the two appeals; (ii) conform the related briefing schedules; and (iii) grant a 45-day extension of time for the Appellants to file their opening briefs.

As set forth below, consolidation of the appeals is appropriate because of the common factual and legal issues involved. Consolidation would avoid significant repetitive briefing and argument involving overlapping factual and legal issues, and preserve the resources of both the Courts and the parties. In support of the Motion, Appellants respectfully state as follows.

## I. BACKGROUND

1. On August 4, 2021, the U.S. Bankruptcy Court for the Northern District of Texas entered the *Memorandum Opinion and Order Holding Certain Parties and Their Attorneys in Civil Contempt of Court for Violation of Bankruptcy Court Orders* [Bankr. Dkt. 2660] (the "Contempt Order") holding Appellants jointly and severally liable for sanctions for allegedly violating two Bankruptcy Court orders. Appellants deny that they violated any court orders and dispute all sanctions imposed by the Bankruptcy Court.

2. On August 16, 2021, each set of Appellants filed their Notices of Appeal of the Contempt Order. *See* Bankr. Dkt. Nos. 2712 and 2713.

---

[1] This Motion is being filed in the DAF Appeal, which is the first-docketed of the two appeals. A separate notice of filing of this Motion is being filed in the Dondero Appeal.

3. On August 23, 2021, the Bankruptcy Court docketed the DAF Appeal. *See* Bankr. Dkt. No. 2762. A short time later, the Bankruptcy Court docketed the Dondero Appeal. *See* Bankr. Dkt. No. 2767. The DAF Appeal was assigned to the Honorable Brantley Starr. The Dondero Appeal was assigned to the Honorable Karen Scholer.

4. On August 30, 2021, Appellants each filed their statement of issues and designation of items to be included in the record on appeal. Bankr. Dkts. 2797 and 2798.

5. On September 27, 2021, the clerk of the bankruptcy court transmitted the complete record in the DAF Appeal. *See* Docket No. 8; Bankr. Dkt. 2876.

6. On September 29, 2021, the clerk of the bankruptcy court transmitted the complete record in the Dondero Appeal.  See Docket No. 7; Bankr. Dkt. 2885.

7. Pursuant to Bankruptcy Rule 8018, the current deadlines for the Appellants to file their opening briefs in the DAF Appeal and Dondero Appeal are October 27, 2021 and October 29, 2021, respectively.

## II.     RELIEF REQUESTED AND BASIS FOR RELIEF

8. By this Motion, Appellants respectfully request that the Court (i) consolidate these two Appeals into the first-docketed appeal before Judge Starr; (ii) conform the related briefing schedules; and (iii) grant a 45-day extension of time for the Appellants to file their opening briefs. The Appeals involve common questions of law and fact and the consolidation of the Appeals will serve the interests of efficiency and judicial economy by alleviating the need for the parties to engage in repetitive, expensive briefing.

**A.  The Court Should Consolidate the Appeals**

9. Federal Rule of Civil Procedure 42 provides that if actions "involve a common question of law or fact," the court may "consolidate the actions" or "issue any other order to avoid

unnecessary cost or delay." Fed. R. Civ. P. 42(a). The decision to consolidate actions under Rule 42(a) is "entirely within the discretion of the district court as it seeks to promote the administration of justice." *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973). Local Rule 42.1 envisions consolidation in the first-filed action.

10. Bankruptcy Rule 8003 also provides for the consolidation of bankruptcy appeals. Under Bankruptcy Rule 8003(b)(2), "[w]hen parties have separately filed timely notices of appeal, the district court . . . may join or consolidate the appeals." Fed. R. Bankr. P. 8003(b)(2). This rule "allows the district court . . . to consolidate appeals taken separately by two or more parties." Fed. R. Bankr. P. 8003(b) advisory committee's note to 2014 amendments.

11. While Bankruptcy Rule 8003 does not provide a standard to determine when consolidation is proper, district courts often rely on Bankruptcy Rule 7042's reference to Federal Rule 42 to apply Federal Rule 42 to the consolidation of bankruptcy appeals. *See, e.g.*, *Willows Account, LLC v. AG/ICC Willows Loan Owner, LLC (In re Carefree Willows LLC)*, 2014 U.S. Dist. LEXIS 76872, at *4 (D. Nev. 2014).

12. The purpose of consolidation is to "avoid unnecessary costs or delay." *Coolwater, LLC v. Camp Arrowhead, Ltd. (In re Camp Arrowhead, Ltd.)*, 2010 U.S. Dist. LEXIS 21177, at *3-4 (W.D. Tex. 2010) (citing *Frazier v. Garrison Indep. Sch. Dist.,* 980 F.2d 1514, 1531 (5th Cir. 1993)). "Federal district courts have very broad discretion in deciding whether to consolidate." *Id.* (citing *Frazier,* 980 F.2d at 1531-32).

13. "In deciding whether to consolidate cases, a district court examines factors that include the following: (1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is risk of prejudice or confusion if the cases are consolidated, and if so, is

the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, (5) whether consolidation will conserve judicial resources, (6) whether consolidation will result in an unfair advantage, (7) whether consolidation will reduce the time for resolving the cases, and (8) whether consolidation will reduce the cost of trying the cases separately." *Id.* (citing cases).

14. Here, the factors outlined above all weigh in favor of consolidating these Appeals. The Appeals have been taken from the same court order, from the same court, involve only one motion[2] and one hearing,[3] and they present common questions of law and fact. Consolidation will conserve judicial resources, reduce the time for resolving these Appeals, promote efficiency, and reduce costs. Perhaps most importantly, consolidation will remove the risk of inconsistent results or rulings.

15. At a high level, the Appeals each center around whether the factual findings and legal conclusions made by the Bankruptcy Court in the Contempt Order were correct. Specifically, the Appeals generally center around (i) whether and to what extent any of the Appellants actually violated a gatekeeper order by merely seeking leave to amend in Judge Boyle's court; (ii) whether any of the Appellants can be held in contempt for such purported violations; and (iii) whether the sanctions imposed by the Bankruptcy Court for the alleged violations were justified or lawful. While there are some factual and legal issues specific to each of the individual Appellants, the Appeals as a whole center around the same nexus of operative facts and the same legal issues.

---

[2] *See* Debtor's Motion for an Order Requiring the Violators to Show Cause Why They Should Not be Held in Civil Contempt for Violating Two Court Orders [Bankr. Dkt. 2235] (the "Contempt Motion") and Debtor's Brief in Support of Contempt Motion [Bankr. Dkt. 2236].

[3] *See* Transcript of hearing held on June 8, 2021 in case number 19-34054 [Bankr Dkt. 2440].

16.   The burden on the parties and judicial resources would be greatly lessened by consolidation of the Appeals. Further, because the Appeals arise from the same bankruptcy case and the same bankruptcy court order, there is a risk of inconsistent adjudications of identical factual and legal issues if the matters are not consolidated.

17.   For these reasons, Appellants respectfully request that the two Appeals be consolidated under Civil Action No. 3:21-cv-01974-X, which is the first-docketed of the two Appeals, as required under Local Rule 42.1 ("After consolidation, all pleadings, motions, or other papers must only bear the caption of the first case filed.").

18.   Counsel for Appellants has conferred with counsel for the Appellee, Highland Capital Management, L.P. on the relief requested in this Motion. Appellee's counsel has indicated that the Appellee is unopposed to this Motion and the requested consolidation.

**B.  The Court Should Conform the Briefing Schedules and Provide the Appellants with a Forty-Five Day Extension of Time to File Their Opening Briefs**

19.   Appellants respectfully request that the Court (i) conform the briefing schedules for the two appeals so the briefing schedule is the same for each appeal; and (ii) provide Appellants with a 45-day extension of time in which to file their opening briefs.

20.   Good cause exists for the requested extension.

21.   First, this is a complicated appeal with several parties and a lengthy record. The outcome of this appeal is of paramount importance to the Appellants, who vehemently dispute the imposed sanctions and intend to demonstrate that the bankruptcy court erred in its findings and conclusions. An extension of time will ensure Appellants have sufficient time to adequately review the record and prepare their brief.

22.   Second, counsel for Appellants have a variety of other matters to attend to in the coming weeks. For example, in a related bankruptcy appeal before this Court, counsel for Mr.

Dondero has an appeal brief due November 8th. Counsel for the Appellants in the DAF Action also have a variety of other matters and scheduling conflicts over the next several weeks. An extension of time to file their opening briefs will ensure Appellants can devote the proper time and attention to these important appeals.

23.   Counsel for the Appellants has conferred with counsel for Appellee Highland Capital Management, L.P. on the relief requested herein and counsel for Appellee has indicated that the Appellee is unopposed to conforming the briefing schedules and providing Appellants with a 45-day extension of time in which to file their opening briefs.

## PRAYER

WHEREFORE, Appellants respectfully requests that this Court enter an order (i) granting this Motion, (ii) consolidating the Dondero Appeal and DAF Appeal under Civil Action No. 3:21-cv-01974-X, (iii) providing Appellants with a 45-day extension of time in which to file their opening briefs in the consolidated appeals; (iv) establishing December 13, 2021 as the deadline for Appellants to file their opening briefs in the consolidated appeals; and (v) granting Appellants such other and further relief as may be just and proper.

Dated: October 18, 2021         Respectfully submitted,

SBAITI & COMPANY PLLC

*/s/ Mazin A. Sbaiti*
Mazin A. Sbaiti
Texas Bar No. 24058096
Jonathan Bridges
Texas Bar No. 24028835
JPMorgan Chase Tower
2200 Ross Avenue – Suite 4900W
Dallas, TX 75201

T: (214) 432-2899
F: (214) 853-4367
E: mas@sbaitilaw.com
   jeb@sbaitilaw.com

**COUNSEL FOR APPELLANTS THE CHARITABLE DAF FUND, L.P., CLO HOLDCO, LTD., MARK PATRICK, SBAITI & COMPANY PLLC, MAZIN SBAITI, AND JONATHAN BRIDGES**

*AND*

*/s/ Bryan C. Assink*
Clay M. Taylor
State Bar I.D. No. 24033261
Bryan C. Assink
State Bar I.D. No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: clay.taylor@bondsellis.com
Email: bryan.assink@bondsellis.com

**ATTORNEYS FOR APPELLANT JAMES DONDERO**

## CERTIFICATE OF CONFERENCE

On October 15, 2021, the undersigned counsel for Appellant conferred with John Morris, counsel for Appellee, regarding the relief requested herein. Mr. Morris stated that the Appellee is unopposed and agrees to the relief requested in this Motion.

*/s/ Bryan C. Assink*
Bryan C. Assink

## **CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that, on October 18, 2021, a true and correct copy of the foregoing document was served via the Court's CM/ECF system on counsel for Debtor-Appellee Highland Capital Management, L.P. and on all other parties requesting or consenting to such service in this case.

                                              */s/ Mazin A. Sbaiti*
                                              Mazin A. Sbaiti