No. 3:21-cv-01974-X

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

In the Matter of: Highland Capital Management, L.P.,

Debtor.

THE CHARITABLE DAF FUND L.P.; CLO HOLDCO LTD.;
MARK PATRICK; SBAITI & COMPANY PLLC; MAZIN A. SBAITI;
JONATHAN BRIDGES; and JAMES DONDERO,
APPELLANTS

v.

HIGHLAND CAPITAL MANAGEMENT, L.P.,
APPELLEE.

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF TEXAS
BANKRUPTCY CASE NO. 19-34054 (SGJ)

**APPELLEE'S RESPONSE TO DAF APPELLANTS'
NOTICE OF SUPPLEMENTAL AUTHORITY**

**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz
John A. Morris
Gregory V. Demo
Hayley R. Winograd
10100 Santa Monica Blvd.,
13th Floor
Los Angeles, CA 90067
(310) 277-6910

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
Roy T. Englert, Jr.
Matthew M. Madden
Shikha Garg
2000 K Street NW, 4th Floor
Washington, DC 20006
(202) 775-4500

**HAYWARD PLLC**
Melissa S. Hayward
Zachery Z. Annable
10501 N. Central Expy,
Suite 106
Dallas, TX 75231
Tel: (972) 755-7100

**ATTORNEYS FOR APPELLEE**

In *NexPoint Advisors, L.P. v. Highland Capital Management, L.P. (In re Highland Capital Management, L.P.)*, No. 21-10449, 2022 WL 3571094 (Aug. 19, 2022), the Fifth Circuit held that the gatekeeper provision in Highland's confirmed plan of reorganization is "**perfectly lawful**" in all respects. *Id.* at *13 (emphasis added). Appellants' violation of related and similar gatekeeper provisions led to the contempt finding at issue in this appeal. The Fifth Circuit's decision straightforwardly **forecloses** Appellants' asserted challenges to the legality of the gatekeeper provisions they violated.

In arguing the exact opposite, the notice of supplemental authority (Dkt. No. 43) filed by the Charitable DAF Fund, L.P., CLO Holdco, Ltd., Mark Patrick, Sbaiti & Company, PLLC, Mazin A. Sbaiti, and Jonathan Bridges (together, the "DAF Appellants") brazenly misstates the Fifth Circuit's decision. The Fifth Circuit affirmed the bulk of the bankruptcy court's order confirming Highland's reorganization plan, including its gatekeeper provision. That provision requires Appellants and others to obtain the bankruptcy court's authorization before commencing or pursuing claims against (among others) Highland's CEO and independent director, James P. Seery, Jr. 2022 WL 3571094, at *14.

The *only* portion of Highland's plan the court did not affirm in full was its *separate* exculpation provision. The court excised certain non-debtors from that exculpation provision. But the decision could hardly state any more clearly that it

1

did *not* likewise excise those same non-debtors from the ambit of the "perfectly lawful" gatekeeper provision.

The Fifth Circuit's decision expressly states—in passages that the DAF Appellants simply ignore—that "[w]e reverse only insofar as the plan exculpates certain non-debtors in violation of 11 U.S.C. § 524(e), strike those few parties from the plan's exculpation, **and affirm on all remaining grounds**." *Id.* at *1 (emphasis added). "Though the injunction and gatekeeping provisions are sound," the Fifth Circuit added, "the exculpation of certain non-debtors exceeds the bankruptcy court's authority." *Id.* at *10.[1]

Accordingly, the bankruptcy court also had the discretion and legal authority to issue its two prior orders containing substantially similar gatekeeper provisions covering Seery. The Fifth Circuit's decision on that score is dispositive on most of Appellants' misguided arguments in this appeal.

In an attempt to avoid that obvious consequence of the Fifth Circuit's ruling, the DAF Appellants try to muddy the waters with several plain mischaracterizations of the Fifth Circuit's analysis. *First*, the DAF Appellants conflate two separate issues—exculpation and gatekeeping. They argue (at Notice 2) that the Fifth

---

[1] Even were that not the case—and it demonstrably is—a decision that a confirmation order cannot exculpate certain non-debtors after a reorganization plan's effective date because section 524, which authorizes discharge of only the Debtor, the Committee, its members and the Independent Directors, has no bearing on and would not resolve whether a bankruptcy court can set estate professionals' standard of care during the bankruptcy proceedings in retention orders entered during the case.

2

Circuit's modification of the confirmed plan's exculpation provision somehow establishes that the bankruptcy court "likewise lacked authority to extend any gatekeeping orders to such non-exculpable persons." Not so. That contention plainly contradicts the Fifth Circuit's affirmance of the Highland plan's gatekeeper provision in full and without removing *any* parties from its protection. *See* 2022 WL 3571094, at *1, 10, 13, 14.

Exculpation and gatekeeper provisions serve distinct purposes; exculpation concerns a limitation of liability whereas gatekeeper provisions protect estates and professionals from bad-faith litigation without exculpating them from any liability. *See id.* at *10. The Fifth Circuit thus appropriately analyzed these distinct provisions in separate sections of its opinion. The DAF Appellants conspicuously neglect even to address the Fifth Circuit's actual analysis of the plan's gatekeeper provision, and focus entirely on its *separate* discussion of exculpation.

*Second*, the DAF Appellants (at Notice 3) get exactly backwards the Fifth Circuit's discussion of the *res judicata* effect of the two prior bankruptcy court orders at issue in this appeal. The Fifth Circuit held that the *res judicata* effect of those prior orders did not affect its analysis of the confirmation order's *new* exculpation provision. 2022 WL 3571094, at *12 n.15. But the court of appeals *agreed* with the bankruptcy court and Highland that those two orders have "ongoing *res judicata* effects" in Highland's bankruptcy proceedings. *Id.* It rejected any

3

attempt "to roll back the protections" in those two orders because "such a collateral attack is precluded." *Id.* It also precluded Appellants' attempt to argue those orders are not *res judicata* because they were not final. *See* DAF Reply Br. 10. The Fifth Circuit expressly recognized that these prior orders were final and are binding.

That is an *independent* reason why Appellants cannot attack the gatekeeper provisions in this appeal: Appellants may not attack the prior orders collaterally, by appealing from a contempt finding for violating them, after having failed to object or appeal from those orders when they were issued. *See* Appellee's Br. 25-26.

*Third*, the DAF Appellants (at Notice 4) mischaracterize the Fifth Circuit's analysis to argue that the *Barton* doctrine authorizing gatekeeper provisions is limited "to the debtor in possession, trustees, and independent directors," and so does not cover Seery in his role as Highland's court-approved CEO (as opposed to in his role as a court-approved independent director). Once again, that is not what the Fifth Circuit said.

Rather, the court explained that the *Barton* doctrine allows gatekeeper protections of a "trustee or *other bankruptcy-court-appointed officer*." 2022 WL 3571094, at *13 (quoting *Villegas v. Schmidt*, 788 F.3d 156, 159 (5th Cir. 2015)) (emphasis added). Seery's appointments as independent director and CEO were both approved by the bankruptcy court in the two orders containing the gatekeeper provisions at issue here. *See id.* at n.17 (explaining that there is no difference

4

between a court "approved" and "appointed" officer). The Fifth Circuit also squarely rejected the argument that *Barton* does not apply to Highland's bankruptcy, because neither a receiver nor a trustee had been appointed, and held that Highland was "for all practical purposes . . . a debtor in possession entitled to the rights of a trustee." *Id*. In short, the Fifth Circuit's decision leaves no daylight for Appellants' arguments in this appeal that the relevant orders' gatekeeper provisions did not lawfully apply to the filing and pursuit of claims against Seery.

*Finally*, the DAF Appellants correctly note (at Notice 5) that the Fifth Circuit left the determination of whether a claim falls under the *Barton* doctrine's statutory exception (28 U.S.C. § 959(a)) to the bankruptcy and district courts in the first instance. *See* 2022 WL 3571094, at *13 n.18. But they err in implying that, in doing so, the Fifth Circuit undermined the bankruptcy court's discretion to order gatekeeping provisions. To the contrary, the Fifth Circuit underscored the propriety of leaving questions about the bankruptcy court's jurisdiction, including with respect to the applicability of § 959(a), to the bankruptcy court in the first instance in fulfilling its role as gatekeeper. 2022 WL 3571094, at *13 & n.18. Indeed, the Fifth Circuit's emphasis that the bankruptcy court must determine the propriety of claims in the first instance contradicts Appellants' argument in this appeal that they

5

*complied* with the bankruptcy court's gatekeeper provisions by seeking *the district court's* authorization to sue Seery. *See* DAF Br. 19 & n.5; DAF Reply Br. 12.[2]

For all of these reasons, the Fifth Circuit's decision in several ways, each independently sufficient, demonstrates the *lawfulness* of gatekeeper provisions ordered by the bankruptcy court and at issue in this appeal. It thus provides further support for the bankruptcy court's contempt finding and sanction after Appellants ignored and failed to comply with those provisions. For the reasons in the Fifth Circuit's opinion and those discussed in Highland's brief, this Court should affirm.

---

[2] The Fifth Circuit noted, in a footnote, that Section 959(a)'s application would be left to "the bankruptcy *and district courts* in the first instance." 2022 WL 3571094, at *13 n.18 (emphasis added). That acknowledgment that the district court might ultimately pass on this question does not undermine the court's clear statement that the bankruptcy court must be afforded the initial opportunity to address jurisdictional issues raised by the gatekeeper provision. *Id.* at *13 (leaving questions about the bankruptcy court's jurisdiction "to the bankruptcy court in the first instance").

Dated: August 26, 2022

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**

Matthew M. Madden  (DC Bar No. 991139)
Roy T. Englert, Jr. (DC Bar No. 358464)
Shikha Garg (NY Bar No. 5805635)
2000 K Street NW, 4th Floor
Washington, D.C. 20006
Tel: (202) 775-4500

-and-

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No.143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Fax: (310) 201-0760

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward (TX Bar No. 24044908)
MHayward@HaywardFirm.com
Zachery Z. Annable (TX Bar No. 24053075)
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Suite 106
Dallas, TX 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Appellee*

7