No. 3:21-cv-01974-X

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

**In the Matter of: Highland Capital Management, L.P.,**

**Debtor.**

**THE CHARITABLE DAF FUND L.P.; CLO HOLDCO LTD.;
MARK PATRICK; SBAITI & COMPANY PLLC; MAZIN A. SBAITI;
JONATHAN BRIDGES; and JAMES DONDERO,
APPELLANTS**

v.

**HIGHLAND CAPITAL MANAGEMENT, L.P.,
APPELLEE.**

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF TEXAS
BANKRUPTCY CASE NO. 19-34054 (SGJ)

## STATUS REPORT & RECOMMENDATION

**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz
John A. Morris
Gregory V. Demo
Hayley R. Winograd
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
(310) 277-6910

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
Roy T. Englert, Jr.
Matthew M. Madden
Shikha Garg
2000 K Street NW, 4th Floor
Washington, DC 20006
(202) 775-4500

**HAYWARD PLLC**
Melissa S. Hayward
Zachery Z. Annable
10501 N. Central Expy, Suite 106
Dallas, TX 75231
Tel: (972) 755-7100

**ATTORNEYS FOR APPELLEE**

Appellee Highland Capital Management, L.P. ("Highland"), submits this *Status Report and Recommendation* following the U.S. Court of Appeals for the Fifth Circuit's April 4, 2024 decision, which vacated this Court's September 28, 2022 order and provided explicit remand instructions. In accordance with those instructions, this Court should remand the case to the bankruptcy court for a recalculation of the contempt sanctions award to which Highland is entitled as a result of Appellants'[1] contumacious conduct.

## BACKGROUND

In August 2021, the bankruptcy court found Appellants in civil contempt for violating its earlier orders by filing a motion in this Court to sue Highland's CEO, James P. Seery, Jr., without the bankruptcy court's permission (the "Motion"). To compensate Highland for Appellants' contumacious conduct, the bankruptcy court awarded Highland $239,655 for its legal fees and expenses incurred while pursuing the contempt motion.

Appellants appealed to this Court, which affirmed the bankruptcy court on all disputed issues. *See* Mem. and Op., Dkt. No. 49.[2] First, this Court affirmed the bankruptcy court's contempt finding, rejecting Appellants' arguments that their behavior was not contumacious. *Id.* at 10 ("The bankruptcy court did not err in finding Contemnors in contempt for violating its gatekeeping orders."). This Court then separately affirmed the bankruptcy court's $239,655 sanction award, finding that the award properly compensated Highland for Appellants' contempt. *Id.* at 18 ("The bankruptcy court did not err in imposing the $239,655 sanction.").

---

[1] The Charitable DAF Fund, L.P., CLO Holdco, Limited, Mark Patrick, Sbaiti & Company PLLC, Mazin Sbaiti, Jonathan Bridges, and James Dondero.

[2] The bankruptcy court had levied an additional sanction of $100,000 for each unsuccessful appeal taken by Appellants. This Court vacated that sanction without prejudice following agreement between Highland and Appellants that it should be vacated.

Appellants appealed this Court's decision to the Fifth Circuit. They again sought review of both the decision to find them in contempt and the corresponding sanctions award. *See* DAF Br. at 2, Dkt. No 66, *Charitable DAF Fund v. Highland Cap. Mgmt*, No. 22-11036 (5th Cir.) (issues presented include "[w]hether the district court erred in affirming the bankruptcy court's finding of contempt" and "[w]hether the district court erred in affirming the bankruptcy court's imposition of substantial monetary sanctions").

On April 4, 2024, the Fifth Circuit entered a decision that left undisturbed the bankruptcy court's underlying contempt finding and this Court's affirmance of that finding—the court of appeals' decision itself labeled Appellants' conduct as "contumacious." C.A. Op. at 7. But the Fifth Circuit vacated and remanded for a revised calculation of the appropriate sanctions award. Specifically, and over a dissent, the majority held that a contempt sanction based on the movant's costs of seeking a contempt finding and sanction ran afoul of *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101 (2017), which requires a strict causal link in fee-shifting awards between a litigant's misbehavior and legal fees incurred to address that misbehavior. *See* C.A. Op. at 7–8. *But see* C.A. Dissenting Op. at 11–12 (explaining that such costs have long been found to result from a contemnor's conduct and appropriately included in contempt sanctions).

The Fifth Circuit gave clear guidance for what comes next: "On remand, the bankruptcy court is instructed to limit any sanction award to the damages Highland suffered because DAF filed the Motion in the wrong court—*i.e.*, the expenses Highland reasonably incurred in opposing the Motion in district court, less those it would have spent opposing the Motion had it been filed in bankruptcy court." C.A. Op. at 10.

3

## RECOMMENDATION

Highland respectfully submits that this Court should remand this case to the bankruptcy court with instructions to reaffirm its contempt finding and to recalculate any sanctions award in accordance with the Fifth Circuit's decision.

[*Remainder of Page Intentionally Blank*]

Dated: April 29, 2024

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward (TX Bar No. 24044908)
MHayward@HaywardFirm.com
Zachery Z. Annable (TX Bar No. 24053075)
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Suite 106
Dallas, TX 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

-and-

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No.143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Fax: (310) 201-0760

-and-

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**

Roy T. Englert, Jr. (DC Bar No. 358464)
Matthew M. Madden (DC Bar No. 991139)
Shikha Garg (NY Bar No. 5805635)
2000 K Street NW, 4th Floor
Washington, D.C. 20006
Tel: (202) 775-4500

*Counsel for Appellee*